## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CORA GREEN**                                                                                      **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.: 3:15CV233 HTW-LRA**

**CITY OF JACKSON, MISSISSIPPI;**
**TONY YARBER; ERIC JEFFERSON;**
**TORRANCE MAYFIELD; KENNETH TAYLOR**
**AND GUS MCCOY**                                                     **DEFENDANTS**


### MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS

**COMES NOW**, the Defendant, City of Jackson[1], by and through counsel, and file

this Memorandum in Support of Motion to Dismiss, pursuant to the Federal Rules of

Civil Procedure, and in support thereof would show unto this Court the following:


### INTRODUCTION

Plaintiff *pro se* alleges that she was denied access to the Warren A. Hood

Building, a City building where most of the City's departments are housed and where

many City official's offices are located.  She asserts that her constitutional right of due

process has violated due to this incident.  Plaintiff's Complaint must be dismissed

pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff fails to plead any factual scenario

that would give rise to a constitutional claim pursuant to the Fourth Amendment or 42

U.S.C. §1983.  Plaintiff cannot demonstrate that she has a property interest in being able

[1] The City of Jackson Defendants includes the municipality of Jackson, Mississippi and any employees in
their official capacity, which is tantamount to suing the City itself.  Defendants Tony Yarber, Kenneth
Taylor, Eric Jefferson, Torrance Mayfield and Gus McCoy have not been sued in their individual capacity,
and they have not been individually served with a summons and complaint in the instant matter.

to roam freely in and out of a City building. Importantly, Plaintiff was given alternative means to communicate with the City regarding a permit, which is through the Jackson Police Department. Further, Plaintiff cannot identify any set of facts that demonstrate a policymaker knew of an unconstitutional policy that was promulgated throughout the City and was the moving force behind an alleged constitutional violation. For these reasons, Plaintiff's Complaint must be dismissed.

## FACTS/PROCEDURAL HISTORY

On March 27, 2015, Plaintiff filed an "Emergency Motion to Obtain Relief from Being Barred from the City of Jackson, Warren A. Hood Permit Building, and, and Immediate Removal of the Stop Work Order," which can only be construed as a Complaint. See Exhibit "A." Plaintiff asserts that she was remodeling a building in downtown Jackson, and a stop work order was issued directing her to cease renovations to her business. According to the attachment to the Complaint, Plaintiff's business is located at 112 South President Street in Jackson, Mississippi. Plaintiff alleges that in addition to a stop-work order being issued, that she has been banned from the Warren A. Hood Building, where the City's permit office is located. Exhibit "A," ¶4. Plaintiff further alleges that she told that if she had any requests or questions regarding a permit, that she should go to the Jackson Police Department and make all requests through that agency. *Id.* at ¶9. Plaintiff claims that her civil rights and due process rights were violated as a result of these actions.

After Plaintiff filed her Complaint in March 2015, Plaintiff has filed approximately ten (10) different pleadings before this Court, seeking various types of relief. These pleadings are as follows:

- April 28, 2015 - Response to the City's Answer to the Complaint [Doc. No. 7];

- April 28, 2015 – Demand for Trial by Jury [Doc. No. 8];

-  May 14, 2015 – Request for Production of Documents [Doc. No. 9];

- May 14, 2015 – Request for Admissions [Doc. No. 10];

- June 18, 2015 – Response in Opposition to City of Jackson's Response to Requests for Admissions and Requests for Production of Documents [Doc. No. 13];

- June 26, 2015 – Motion to Compel [Doc. No. 14];

- June 26, 2015 – Motion in Limine [Doc. No. 15];

- June 29, 2015 – Motion for Temporary Restraining Order [Doc. No. 16];

- June 29, 2015 – Motion for Hearing [Doc. No. 17];

- July 1, 2015 – Motion for Help [Doc. No. 18].

The City of Jackson now files its Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) due to the fact that Plaintiff has not provided factual allegations that support a legally cognizable right of action.  Plaintiff seems to allege a civil rights violation pursuant to 42 U.S.C. §1983, as well as a due process claim pursuant to the Fourteenth Amendment; however, Plaintiff does not provide facts to support these claims and certainly does not provide the elements necessary to recover against a municipality pursuant to ***Monell*** and its progeny.

**ARGUMENT**

I.     **Plaintiff fails to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6).**

The basic allegations contained in Plaintiff's Complaint are that the City issued a stop-work order on the renovation of a business located on South President Street. Plaintiff also asserts that she has been barred from the Hood Building and has been instructed to direct any requests she may have to the Jackson Police Department.  These facts do not create a cause of action under 42 U.S.C. §1983 or the Fourteenth Amendment.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." ***Id***. at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). " To survive a Rule 12(b)(6)  motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. ***Id.*** at 1974. "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" ***Montoya v. FedEx Ground Package System, Inc***., 614 F.3d 145, 148 (5th Cir. 2010), *quoting* ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard is not akin to a "probability requirement," but asks for

4

more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 556 U.S. at 679, the Supreme Court stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied,* 549 U.S. 825, 127 S. Ct. 181, 166 L. Ed. 2d 43 (2006).

*Pro se* pleadings are subject to less stringent review than those drafted by attorneys and are entitled to a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Nevertheless, *pro se* litigants must still allege sufficient facts to support their claims; conclusory allegations by themselves are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "[E]ven a *pro se* complainant must plead 'factual matter that permits the court to infer 'more than the mere possibility of misconduct.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Moreover *pro se* litigants "must still brief the issues and

reasonably comply with the standards" of Federal Rules. A court may properly dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Even under the less stringent review that Plaintiff is entitled, she still fails to provide enough factual allegations to support a claim that her constitutional rights were violated.  She has not established a property interest, she has not identified a custom or policy under which the City of Jackson has violated her constitutional rights and she has not provided enough factual detail that raise a right to relief beyond a speculative level. Indeed, it is difficult to determine under which legal theory she is traveling in order to support her claim.   Plaintiff has not reasonably complied with any of the standards of the Federal Rules of Civil Procedure, which is evident in the ten (10) motions and/or responses she has filed since initially filing her Complaint.

## II.      Plaintiff's due process and Section 1983 claims must be dismissed.

Plaintiff alleges that the City has violated her civil rights by not allowing her inside the Hood Building, which she claims is a public building.  This allegation against the City of Jackson can be construed as a cause of action under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994). To state a claim under section 1983, Plaintiffs must allege facts that show that (1) they have been deprived of a right secured by the Constitution and the laws of the United States, and (2) Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d 185

(1978).

### A. Due Process Clause Violations

Plaintiff alleges that it is a due process violation to ban her from the Hood Building. See Exhibit "A," ¶ 16.  The Hood Building houses many of the departments within the City of Jackson, including the Chief Administrative Officer's office and the Department of Zoning and Planning where one can obtain a permit.  Plaintiff alleges that she was told that if she needed anything from the permit building (the Hood Building), that she should direct those inquiries to the Jackson Police Department. See Exhibit "A," ¶9.  Plaintiff's due process claim fails because Plaintiff has not pled facts which would establish that she has a constitutionally-protected property interest in having access to a City building.  The Hood Building is not a "public" building where one is free to roam in and out.  It is a City building where official City business is conducted and where many departments within the City are housed.  Security measures are in place to ensure the safety of City officials and employees.  There is no constitutionally protected interest for the general public to have free access to a City building.   Further, Plaintiff pleads no facts that establish the City interfered with a fundamental right or liberty interest.

The Due Process Clause of the Fourteenth Amendment protects against deprivations of life, liberty, or property without due process of law. *See **Zinermon v. Burch***, 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990). Construing Plaintiff's Complaint liberally, Plaintiff can only be attempting to allege the deprivation of a property interest.  In order to state a claim under Section 1983, Plaintiff must allege facts from which it can be determined that she has a constitutionally-protected property interest in being able to enter a City building that "should be open to anyone at

anytime." See Exhibit "A," ¶8. Plaintiff has not done so.

The Fourteenth Amendment's protection of property "is a safeguard of the security of interests that a person has already acquired in specific benefits." ***Bd. of Regents v. Roth***, 408 U.S. 564, 576, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). "To have a property interest in a benefit, [Plaintiff] clearly must have more than an abstract need or desire for it... [Plaintiff] must, instead, have a legitimate claim of entitlement to it." ***Id***. at 577. Because an individual's property interest may be created by statute, contract, or implied contract, the Court must refer to state or local law, any existing contract, or any understandings between the parties to see whether Plaintiff possessed a legitimate claim to a benefit. ***Cabrol v. Town of Youngsville,*** 106 F.3d 101, 105 (5th Cir. 1997).

Plaintiff's Complaint fails to allege any facts that establish a property interest in being able to enter the Hood Building at anytime. Moreover, it is improbable that any such facts exist. A government is free to have security measures to ensure the safety of its employees, and a government may use its discretion to prohibit the general public from entering City offices. Importantly, Plaintiff was not banned from obtaining other permits. She was directed to go through the Jackson Police Department if she wished to have any further contact with the permits department. See Exhibit "A," ¶9. She was not denied a property interest. Thus, because Plaintiff has failed to show she was deprived of a constitutionally-protected property interest without due process, her claims should be dismissed.

### B.  Municipal Liability

Plaintiff's Complaint is completely void of factual allegations which could give rise to municipal liability under Section 1983. Specifically, Plaintiffs has not alleged injuries that are a result of a policy or practice adopted by the City of Jackson that was

8

deliberately indifferent to Plaintiffs' constitutional rights.

Municipalities and other local government entities are "persons" within the scope of section 1983. ***Monell v. Dep't of Soc. Servs. of City of New York***, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "It is only when the 'execution of the government's  policy or custom . . . inflicts the injury' that the municipality may be held liable." ***City of Canton v. Harris***, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). To impose Section 1983 liability on a municipality,  Plaintiff must show that: (1) her constitutional rights were violated; (2) the municipality had a custom or policy; and (3) the custom or policy was the moving force behind the violation. ***Piotrowski v. City of Houston***, 237 F.3d 567, 578 (5th Cir. 2001). The unconstitutional acts complained of must be attributable directly to the municipal entity through some sort of official action or imprimatur. ***Id***.

Plaintiff has not stated a claim under which the City of Jackson can be held liable under ***Monell*** and its progeny. Not only has Plaintiff failed to allege facts to support a claim for a constitutional violation, as discussed previously herein, she has also failed to allege any custom or policy that was the moving force behind a constitutional violation. Plaintiff does not allege that a policymaker knew of an official or unofficial policy that was unconstitutional, and that the policy was the moving force behind a constitutional violation.  As previously asserted, Plaintiff does not have a property interest in freely entering a City building whenever she pleases.   The fact that Plaintiff was told she could not enter the building or she could not schedule a meeting with Mr. McCoy does not rise to a constitutional violation.  Plaintiff was given alternative means to contact the City's permit department, and her Complaint is silent as to whether she has pursued those alternative means.  These facts do not yield to municipal liability and nothing in

Plaintiff's Complaint can be construed to yield a legally cognizable claim under Section 1983.  Therefore, the City requests that this Court dismiss Plaintiff's action pursuant to Fed.R.Civ.P. 12(b)(6).

## CONCLUSION

Plaintiff's Complaint simply does not contain facts sufficient to allow the Court to infer that her constitutional rights were violated.  Plaintiff's claim that she was banned from a City building does not create a violation of her due process because she was supplied alternative means of communication.  Further, Plaintiff fails to allege any set of facts that create municipal liability pursuant to ***Monell***.  For these reasons, the City requests that Plaintiff's Complaint be dismissed.

RESPECTFULLY SUBMITTED, THIS the 6th day of July, 2015.

CITY OF JACKSON, MISSISSIPPI, ET AL

BY:    /s/ Claire Barker
       Claire Barker, MSB #101312
       Deputy City Attorney

OF COUNSEL:
Monica D. Joiner, City Attorney, MSB #102154
OFFICE OF THE CITY ATTORNEY
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi39207-2779
Office:        601-960-1799
Facsimile:    601-960-1756

10

## **CERTIFICATE OF SERVICE**

The undersigned certifies that she has this day transmitted via electronic filing and U.S. Mail, a true and correct copy of the foregoing to the following:

Cora Green, Prose
5920 Waverly Drive
Jackson, MS 39206

So certified, this the 6th day of July, 2015.


/s/ Claire Barker_____
CLAIRE BARKER

11